**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| COVETRUS, INC. and<br>VETERINARY DATA SERVICES, INC.<br><br>Plaintiffs<br><br>v.<br><br>ACTIAN CORPORATION<br><br>Defendant | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Covetrus, Inc. ("Covetrus") and Veterinary Data Services, Inc. ("VDS") (Covetrus and VDS, collectively, "Plaintiffs"), by and through their undersigned counsel and in support of their complaint for declaratory judgment against Defendant Actian Corporation ("Actian"), aver as follows.

**Nature of the Action**

1.      VDS holds license rights to use Actian's Data Integrator v. 9 Software, also referred to as DataIntegrator or DI Software (the "Software").  The Software allows VDS to map and copy data from one system or application to another system or application.

2.      VDS is authorized to and does use the Software to map data from its customer veterinarians' computer systems, move that data into VDS's system, and reconfigure the data for use with new practice management services.  This is VDS's sole use of the Software.

3.      Covetrus owns, integrates, and manages businesses and services in the veterinary industry, and is the ultimate parent of VDS.  Covetrus does not itself use the Software and is not a party to VDS's license with Actian.

4.      Actian has alleged that VDS has acted beyond the bounds of its rights to the Software and has threatened both Plaintiffs with suit for copyright infringement and breach of VDS's license contracts.

5.      Plaintiffs deny that they are in breach of their license agreements and/or that they have infringed any of Actian's copyrights.

6.      By this action, Plaintiffs seek a declaratory judgment, pursuant to 28 U.S.C. § 2201 and 17 U.S.C. § 101, *et seq.*, including declarations, as more specifically described below, that: (i) Plaintiffs have not infringed Actian's copyrights; (ii) VDS has been licensed at all relevant times and has not committed a breach of any contract or license with Actian; (iii) Covetrus is not a party to the VDS license with Actian and has no contract liability under that license; or, (iv) in the alternative, Plaintiffs infringement of any copyright held by Actian was not willful.

## Parties

7.      Covetrus is a Delaware Corporation with its headquarters located at 7 Custom House Street, Portland, Maine 04101.  Covetrus is an animal health company that provides technology solutions and pharmacy services and products to veterinary practices.

8.      VDS is a Kentucky Corporation with its headquarters located at 200 Lexington Green Circle, Suite 190, Lexington, Kentucky 40503.  VDS is in the business of providing data integration, conversion, and support services to the veterinary industry.

9.      Actian is a Delaware Corporation with its headquarters located at 500 Arguello Street Suite 200, Redwood City, California 94063.  Actian is a computer software company whose products focus on data management and integration and analytics.

**Jurisdiction**

10.     This case arises under the Copyright Laws of the United States, 17 U.S.C. § 101,

*et. seq.,* and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

(federal question jurisdiction) and 1338(a) (copyright jurisdiction).

11.     There is an actual controversy between Plaintiffs and Defendant within this Court's

jurisdiction that can be resolved by declaring the rights and obligations of the Parties, specifically

whether Covetrus or VDS has breached any contract or license with Actian or infringed any of  its

copyrights.

12.     This Court has personal jurisdiction over Actian inasmuch as Actian has engaged

in business activities in the State of Maine.  Such activities include: (i) sending invoices to

Plaintiffs' offices in Portland, Maine; (ii) sending a request for a self-audit of the Software to a

Covetrus' Controller in Portland, Maine; (iii) conducting  an extensive course of dealing regarding

its copyrights and licensing program with Covetrus employees in Maine, including sending a

demand for payment and a litigation hold notice to Portland Maine instructing Plaintiffs to preserve

extensive records (many of which are located in and/or managed from Plaintiffs' headquarters in

Portland, Maine).  Maine has an interest in fairly resolving accusations of copyright infringement

and breach of contract against its residents and in providing them with a forum for prompt

resolution of such disputes. The exercise of jurisdiction by Maine's courts comports with

traditional notions of fair play and substantial justice.  U.S.C.A. Const. Amend. 14; M.R.S.A.

Const. Art. 1, § 6-A; 14 M.R.S.A. § 704-A.

**Venue**

13.     Because Actian is subject to personal jurisdiction in the State of Maine, venue is

proper in this District pursuant to 28 U.S.C. § 1400(a) (venue is proper in dispute within federal

copyright jurisdiction wherever the defendant can be found).  Venue also is proper in this District

pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims

occurred in this District.

## Facts

### A.    VDS's Use of the Software

14.     Among the services that VDS provides to its veterinarian customers is mapping

data from the customers' computer systems, moving that data into VDS's system, and

reconfiguring the data for use with new practice management services.

15.     At all relevant times, VDS has been authorized to use the Software under 2015

licenses and later renewal licenses  granted by Actian for Data Integrator v. 9 for use, maintenance

and support  (the "VDS License").  Fees have been paid for all licenses, including renewals.

16.     Pursuant to the VDS License, VDS is authorized to use the Software to map data

from VDS's customer veterinarians' computer systems, move it into VDS's system, and

reconfigure the data for use with practice management services.  At all times, this has been VDS's

only use for the Software.

17.     VDS does not use the Software to provide computer services to third-parties, nor

does it provide the Software to third-parties.

18.     The Software is licensed to VDS for unlimited use on a "24/7" basis.

19.     VDS has the Software on its secure storage on a network resource.  Conversions of

customer data are done from this resource.  Some individual VDS employees have back-up copies

on their laptops.

20.     In 2017, Actian sent a self-audit to VDS, which was completed and returned,

showing that several VDS employees had the Software on their laptops (the "2017 Self-Audit").

21.     In 2021, VDS returned a self-audit survey that likewise showed multiple VDS employees had back-up copies on their machines.  According to Actian, the Software could only be in two places – the network and a second machine (*e.g.,* laptop).  Further, according to Actian, the Software could only be accessed by two designated individuals.

22.     In the 2017 Self-Audit, VDS likewise reported the Software was on more than two machines and was used by more than two designated individuals.  In other words, VDS paid for the same uses it had made of the Software when audited in 2017 and had continued to perform as the Parties expected after that audit.

23.     Nonetheless, Actian now demands millions of dollars in fees for an "enterprise license" in a "proposal to Covetrus," despite the fact VDS had not changed the actual use for the Software within its business.

24.     Covetrus and VDS are separately incorporated businesses and corporate formalities between them have been respected. Covetrus is not a party to the VDS license, has not performed customer conversions for VDS's business, or otherwise made use of the Software.  Therefore, Covetrus has no liability to Actian regarding the Software.

**B.     Actian's Claims of Plaintiffs' Breach of Their License and Infringement of Actian's Copyrights**

25.     On or about December 9, 2020 , Actian sent a request to Covetrus' Controller that VDS perform a self-audit that would, among other things, assess VDS's use of the Software and compliance with the VDS License (the "2021 Self-Audit").  VDS complied with Actian's request and performed the 2021 Self-Audit, returning the information to Actian in January 2021.

26.     The 2021 Self-Audit revealed that VDS did not use the Software other than as permitted, and in fact used the Software less frequently than allowed by the VDS License.

27.     Nonetheless, Actian took a contrary position to that in 2017 and argued that by VDS having more than two machines and two authorized users, VDS had breached its license regardless of whether the use and frequency of use was within the license and that VDS had followed its same business practices it had used in 2017.

28.     Actian has demanded millions of dollars for these back-ups on multiple machines, and multiple potential users.  This demand for each year from 2018 is more than 1000 times the original and renewal license fees for all prior years -- even though VDS's uses of the Software did not change since the 2017 Self-Audit.

29.     Recently, Actian  sent Covetrus and VDS a "litigation hold notice," illustrating that this is a real, immediate and actual controversy between the Parties, and that Plaintiffs are entitled to have a declaration of their rights resolved now rather than wait to be sued.

30.     Actian also has sent to Covetrus documents and information relating to another lawsuit in which Actian alleged that a licensee had violated its license through overuse and prohibited uses.  Actian's purpose was to threaten Plaintiffs that Actian would likewise sue them on the same basis and prevail.  VDS, however, is not in a similar situation as the licensee in the prior  lawsuit.

31.     Actian's threats are concrete and Plaintiffs are entitled to a declaration now as to the rights of the Parties to this dispute.

## COUNT I
### (Declaratory Judgment, 28 U.S.C. § 2201, and 17 U.S.C. § 101, *et seq.*)

32.     Plaintiffs repeat and reallege the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

33.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, this Court is authorized to "declare the rights and other legal relations of any interested party seeking such

declaration…."

34.     There exists an actual controversy between Plaintiffs and Actian with respect to whether Plaintiffs have violated VDS's license for the Software and/or whether Plaintiffs have infringed Actian's copyrights.

35.     Plaintiffs are entitled to declarations that VDS's use of the Software has been within the use thereof licensed by Actian, including declarations that:

(i)     VDS's past use is authorized by its license and the Parties' past application of its terms.

(ii)     VDS has not exceeded the use permitted under the VDS License.

(iii)     In the event VDS is found to have breached the VDS License by exceeding the scope of its permitted use, such breach is not material.

(iv)     Covetrus is not a party to the VDS License and is not liable for any act of VDS under that license (or outside of it).

36.     Plaintiffs are entitled to declarations that they have not infringed any copyright owned by Actian, including declarations that:

(i)     VDS paid Actian for the use of the Software.

(ii)     Any additional copying of the Software by VDS was not done to avoid payment, has not harmed Actian, and was in accord with the Parties' past practices.

(iii)     VDS has not infringed any Actian copyright in any work.

(iv)     The Software is one work under federal copyright law.

(v)     Covetrus is not liable for use or infringement by VDS.

(vi)     Covetrus has not infringed any Actian copyright.

7

37.     In the alternative, if Plaintiffs are found to have infringed any copyright held by Actian, Plaintiffs are entitled to declarations that:

   (i)     Plaintiffs' infringement, if any,  was not willful since, among other things, VDS (a) cooperated in audits as requested by Actian; (b) provided the information to Actian voluntarily that Actian now uses against both Plaintiffs; (c) VDS  has not exploited the Software beyond its intended and paid-up use; and (d) VDS has performed the VDS License as it had in the past, and as reported in the 2017 Self-Audit.

   (ii)    Neither VDS nor Covetrus is a willful infringer.

   (iii)   The Software is one work under copyright law.

   (vi)    Actian is only entitled to one statutory damage award for this one work, or alternatively its actual damages.

38.     In the alternative, Actian should be estopped from its enforcement of its copyrights against Plaintiffs because it has unclean hands in asking for millions of dollars in compensation (which is far in excess of the maximum limits per work for statutory damages even if due), in light of past practices of the parties, lack of proof of the amount of any alleged lost royalties, and its own lack of actual damages.

39.     Plaintiffs should be awarded their attorneys' fees incurred in this action under Section 2202 of the Declaratory Judgment Act.

WHEREFORE, Plaintiffs Covetrus, Inc. and Veterinary Data Services, Inc. respectfully request that this Court enter a declaratory judgment in their favor and against Defendant Actian Corporation making the above-requested declarations and also awarding their attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

Dated:   April 6, 2021

Respectfully submitted,

*/s/ Paul McDonald*
Paul McDonald/Bar No. 8626
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
Telephone:  (207) 774-1200
pmcdonald@bernsteinshur.com

Danielle J. Healey
FISH & RICHARDSON
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone: (713) 654-5300
Email:   healey@fr.com

Attorneys for Plaintiffs
Covetrus, Inc. and
Veterinary Data Services, Inc.

9