UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| COVETRUS, INC. and VETERINARY DATA SERVICES, INC.<br><br>          Plaintiffs,<br><br>v.<br><br>ACTIAN CORPORATION<br><br>          Defendant. | )<br>)<br>)<br>)<br>) Case Number: 2:21-cv-00097-LEW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS/ COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS**

Plaintiffs and Counterclaim Defendants Covetrus, Inc. ("Covetrus") and Veterinary Data Services, Inc. ("VDS") (Covetrus and VDS, collectively, "Plaintiffs"), by and through their undersigned attorneys, file this Answer to the Counterclaims filed by Defendant and Counterclaim Plaintiff Actian Corporation ("Actian").

**COUNTERCLAIMS OF ACTIAN CORPORATION**

1. Plaintiffs admit that Actian purports to assert Counterclaims against them pursuant to Fed. R. Civ. P. 13. Plaintiffs deny that the Counterclaims have merit.

**PARTIES**

2. Plaintiffs do not have sufficient knowledge or information to admit or deny the allegations of paragraph 2.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7.     Admitted.

8.     Admitted.

## FACTS

9.     Plaintiffs admit Actian is a company that trades in computer software, but do not have sufficient knowledge or information to admit or deny the remaining allegations of paragraph

### The Parties' Agreement

10.     Admitted that the Software is Actian's product.  Plaintiffs do not have sufficient information to admit or deny whether the EULA attached as Exhibit A is in all instances associated with all versions made, used or licensed by Actian.  Admitted that the text of Exhibit A says what it says.

11.     Plaintiffs do not have sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12.      Denied as to Covetrus because it did not enter into any Agreement to license or purchase a software product from Actian at any time.  Admitted as to VDS.

13.     Admitted that there is a Sales Order.  Denied as to Covetrus because it did not enter into any Agreement to license or purchase a software product from Actian at any time.  Admitted as to VDS having executed the Sales Order. Denied as to the meaning of the abbreviations and terms of the Sales Order in the context of the parties' agreement and implementation of their agreement.  Denied that the Sales Order is a complete, unambiguous, integrated agreement.

14.     Admitted that the Sales Order has text and that the text says what it says.  The Support Policy attached as Exhibit C was printed on May 21, 2021, and Plaintiffs do not have sufficient information to determine where, when or if it was posted as presented here.  Denied that the Support Policy forms a complete, unambiguous, integrated contract with the Sales Order.

Denied that the EULA and Support Policy and/or the Sales Order form the entire contract between the parties. Denied that separately or in any combination, the EULA and Support Policy and/or the Sales Order, constitute an unambiguous, complete or integrated agreement.

15.     Admitted that the Sales Order at Exhibit C has text and that the text says what it says. Denied that the contract between VDS and Actian was limited as stated in quotes from Exhibit C and denied that the quoted language controlled between VDS and Actian. Denied that the Support Policy forms a complete, unambiguous integrated contract with the Sales Order or that any combination of the Support Policy, Sales Order and/or EULA are a complete, unambiguous integrated contract. Admitted that Exhibit C says what it says.

16.     Admitted as to the text printed on the Sales Order, denied as to the term and terms of the license.

17.     Admitted the text of the Exhibit says what it says. Denied that the Support Policy forms a complete, unambiguous, integrated contract with the Sales Order or that any combination of the Support Policy, Sales Order and/or EULA are a complete unambiguous integrated contract.

18.     Denied as to Covetrus. Admitted by VDS that the text of the document says what it says. Plaintiffs deny Actian's interpretation of the meaning of the abbreviations, text, and deny that the documents constitute a complete unambiguous, integrated contract. Plaintiffs deny the interpretation of the documents and their effect as Actian alleges.

19.     Denied as to Covetrus because it had no contract with Actian. Denied that the VDS Support Policy forms a complete, unambiguous integrated contract alone, or with the Sales Order or with any combination of the Support Policy, Sales Order and/or EULA. Denied as that Actian's interpretation of these documents is correct. Denied that the Support Policy as Exhibit C, or the Sales Order or EULA, apply or are interpreted in the way alleged by Actian.

### Actian's Audit of Use

20. Admitted as to the text only. Plaintiffs are without sufficient knowledge to admit or deny what Actian believes the text means.

21. Denied as to Covetrus. Denied as to the cause and effect alleged by Actian.

22. Denied as to Covetrus. Admitted as to VDS.

### The Breaches and Unlicensed Uses of Counter-Defendants

23. Denied as to Covetrus. Admitted as to VDS's communications. VDS does not have sufficient information to admit or deny Actian's motives in its response.

24. Denied.

25. Denied as to Covetrus. Admitted that the text on Exhibit A says what it says, otherwise denied. Denied as to any inference that the EULA is an unambiguous, complete, integrated agreement and denied that Actian's interpretation of it is correct in the context of the Parties' agreement.

26. Denied.

27. Denied.

28. Admitted that there was a call between Actian employees or agents and VDS employees or agents on or about January 29, 2021, otherwise denied.

### Counter-Defendants' Prior Uses of the Software

29. Denied as to Covetrus as it was not a party to a contract with Actian and has not used the Software. Denied as to VDS since it is unclear as to what "the same or similar provisions" means to Actian. Denied that the Support Policy, Sales Agreement and the Agreement are an unambiguous, complete, integrated agreement. Denied that Actian is correctly applying and interpreting the parties' implementation, interpretation, course of dealing of the

contract, and which terms make up the contract and what controls the relationship.

30. Denied.

31. Denied.

32. Denied as to Covetrus as it was not a party to any contract with Actian. Denied as to VDS that it entered into the terms and agreements alleged by Actian, or that there is a complete, unambiguous, integrated writing that sets forth all such terms as alleged by Actian.

### Actian's Efforts to Avoid Litigation

33. Denied as to Covetrus as it was not a party to a contract with Actian. Denied as to VDS because the proposal was not a genuine offer to license since it was not consistent with implementation, interpretation and course of dealing of the Actian and VDS' agreement, and terms that make up the agreement.

34. Denied as to Covetrus. VDS denies that any ongoing use is unlicensed. Admitted that VDS continues to make use of the Software but otherwise denied.

### COUNT I BREACH OF CONTRACT
(Against Counter-Defendants Covetrus, Inc. and Veterinary Data Services, Inc.)

35. Plaintiffs reassert their responses to the prior paragraphs.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT II COPYRIGHT INFRINGEMENT

### (Against Counter-Defendants Covetrus, Inc. and Veterinary Data Services, Inc.)

42. Plaintiffs reassert their responses to the prior paragraphs.

43. Plaintiffs are without sufficient information to admit or deny the allegations of this paragraph in regard to whether the copyrights are valid or that Exhibit E is the correct and current registration information for any copyright, therefore denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES

1. The agreement between VDS and Actian is ambiguous.

2. The agreement between VDS and Actian adopts and includes the course of dealing between the parties in prior years (2015-2019).

3. The agreement is interpreted according to the parties' course of performance.

4. Actian's and VDS's past interpretation of the terms in the 2017 Audit are part of the agreement between them.

5. There is no written document executed by both VDS and Actian that is an unambiguous, complete, integrated agreement regarding the software.

6. Actian is estopped from interpreting or enforcing or discarding the contract with VDS contrary to course of performance of the parties, on which VDS relied in its performance.

7. Actian's relief is barred by unclean hands.

8. Actian has misused its copyrights rendering them unenforceable by attempting to enforce them against VDS contrary to the parties' agreements.

9. Actian has misused its copyrights rendering them unenforceable by attempting to enforce them against Covetrus even though Covetrus does not use the Software and Actian knows that Covetrus does not use the Software.

10. Actian's claims for breach of contract are preempted by its prior breach of its agreement with VDS.

11. Covetrus does not have an agreement or contract with Actian.

12. In the alternative, VDS's infringement, if found, is not willful.

13. In the alternative, if Covetrus is found to infringe, its infringement is not willful.

14. Actian's proposal was not an effective offer for the purpose of asserting a claim for attorneys' fees under Texas law or any other claims or relief because of Actian's bad faith, misrepresentations and misleading omissions during its dealings with Covetrus and VDS in negotiations and proposals in 2021.

WHEREFORE, Plaintiffs and Counterclaim Defendants Covetrus, Inc. and Veterinary Data Services, Inc. respectfully request that this Court enter judgment in their favor dismissing Actian Corporation's Counterclaims and also awarding their attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

Dated: June 23, 2021

Respectfully submitted,

*/s/ Paul McDonald*
Paul McDonald
ME Bar No. 8626
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
Telephone: (207) 774-1200
Email: pmcdonald@bernsteinshur.com

Danielle J. Healey
TX Bar No. 09327980
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone: (713) 654-5300
Email: healey@fr.com

Attorneys for Plaintiffs and Counterclaim Defendants Covetrus, Inc. and Veterinary Data Services, Inc.

## **CERTIFICATE OF SERVICE**

  I certify that on June 23, 2021, the following document was sent via electronic mail to all counsel of record.

*/s/ Paul McDonald*
Paul McDonald
