UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COVETRUS, INC., and<br>VETERINARY DATA SERVICES, INC.,<br><br>            Plaintiffs,<br><br>       v.<br><br>ACTIAN CORPORATION,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  2:21-cv-00097-LEW<br>)<br>)<br>)<br>) |

## ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Defendant and Counter Claimant, Actian Corporation ("Actian"), has moved for leave to file a supplemental brief in opposition to Counter Defendants' motion to dismiss Actian's counterclaim. After considering the parties' arguments and reviewing the proposed supplemental brief, I deny Actian's motion.

This case began when Plaintiffs and Counter Defendants, Covetrus, Inc. and Veterinary Data Services, Inc., filed suit against Actian for a declaratory judgment that Plaintiffs had not infringed Actian's copyrights. *See* Complaint (ECF No. 1). Actian responded by filing a counterclaim alleging copyright infringement and breach of contract. *See* Counterclaim (ECF No. 14). Specifically, Actian alleged that Counter Defendants, who license one of Actian's software products, had violated the End User License Agreement ("EULA") associated with the product by using the product in an unauthorized manner. *See* Counterclaim ¶¶ 24–28.

Counter Defendants moved to dismiss Actian's counterclaims. *See* Mot. Dismiss (ECF No. 45). As relevant here, Counter Defendants argued Actian failed to allege damage resulting from the alleged breach of the EULA, and therefore failed to state a claim for breach of contract. *See id.*

1

7. Specifically, Counter Defendants argued that because any breach would have terminated the EULA, Counter Defendants could not be liable under a breach of contract theory for damages arising after the alleged initial breach; and because Actian only alleges damages that postdate the alleged initial breach, Actian thus fails to state an actionable claim for breach of contract. *See id.* 7–8; *see also* Reply 4 (ECF No. 62). Actian now seeks leave to supplement its brief opposing Counter Defendants' motion to dismiss in order to better rebut Counter Defendants' argument that the EULA terminated upon breach. *See* Mot. Supp. Brief (ECF No. 75). The purpose of the proposed supplemental brief is to introduce testimony by one of Actian's employees, Marc Potter, who testified in a deposition that only certain sections of the EULA terminated upon breach while others remained in effect. *See id*. Mr. Potter's deposition post-dated the briefing cycle on Counter Defendant's motion to dismiss. *See id.*

      Though Actian frames its motion as a request to file a supplemental brief, it is essentially a motion to file a surreply. But a surreply is not warranted here, because Counter Defendants' reply did not "introduce[] for the first time" any matters which Actian must now have "the opportunity to contest." *Animal Welfare Inst. v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008). Nor would permitting Actian to file a surreply serve the interest of justice. Mr. Potter's testimony cannot fairly be characterized as "new" evidence for Actian, because Mr. Potter is an Actian employee. And given that Mr. Potter's "evidence" is, ultimately, a legal interpretation of the EULA, Actian's proposed supplemental brief is no more than an attempt to reframe the argument contained in its brief opposing dismissal. Actian does not get a second bite at the apple.

      Even if a surreply were otherwise warranted, Actian may not prop up its suit by relying on allegations beyond the counterclaim. At the motion to dismiss stage, a claim must live or die by the pleadings. *See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st

2

Cir.2001) ("Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein."). The First Circuit recognizes "narrow exceptions" to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). But the late-day deposition testimony of Actian's own employee does not fall within any of these exceptions. While the issue of whether parts of the EULA survive an alleged breach is central to Actian's breach of contract claim, Mr. Potter's view on the matter is not. And Actian's counterclaim does not make any reference to, or otherwise incorporate, Mr. Potter's deposition testimony or his views on the EULA. *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (deposition testimony that was not sufficiently referenced in pleadings was outside court's consideration on motion to dismiss).

For the foregoing reasons, Actian's Motion for Leave to File a Supplemental Brief is DENIED.

**So Ordered.**

**Dated this 30th day of December, 2021.**

                                                  /s/ Lance E. Walker
                                                  UNITED STATES DISTRICT JUDGE