UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| COVETRUS, INC. and VETERINARY DATA SERVICES, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | Case Number: 2:21-cv-00097-LEW |
| v. | ) ) | |
| ACTIAN CORPORATION | ) ) ) | |
| Defendant. | ) ) | |

### PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF'S SECOND AMENDED COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants Covetrus, Inc. ("Covetrus") and Veterinary Data Services, Inc. ("VDS") (Covetrus and VDS, collectively, "Plaintiffs"), by and through their undersigned attorneys, file this Answer to the Second Amended Counterclaims filed by Defendant and Counterclaim Plaintiff Actian Corporation ("Actian") on January 25, 2022 in this case.

### SECOND AMENDED COUNTERCLAIMS OF ACTIAN CORPORATION

1. Plaintiffs admit that Actian purports to assert Counterclaims against them pursuant to Fed. R. Civ. P. 13. Plaintiffs deny that the Counterclaims have merit.

### PARTIES

2. Plaintiffs do not have sufficient knowledge or information to admit or deny the allegations of paragraph 2.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

1

7. Denied.

   A. Admitted that Plaintiffs paid for the Actian Software in 2019 and that the Sales Order attached as Exhibit B is authentic. Admitted that Exhibit B says what it says. Otherwise denied.

   B. Denied.

      a. Denied.

      b. Denied.

      c. Denied.

      d. Denied.

      e. Denied.

      f. Denied.

      g. Denied.

      h. Denied.

   C. Admitted that as of February 27, 2021, discussions relating to this dispute were handled by Covetrus employees acting on behalf of VDS. Otherwise denied.

   D. Plaintiffs admit that Chauncey Fannin and Josh Johnson are no longer employed by VDS. Otherwise denied.

   E. Denied.

   F. Denied.

   G. Admitted that Covetrus's 2020 10K reports accurate information. Otherwise denied.

H.  Actian fails to identify the source of the statements alleged and thus Plaintiffs do not have sufficient knowledge to admit or deny the allegations of paragraph 7.H.

I.  Actian fails to identify the source of the statements alleged and thus Plaintiffs do not have sufficient knowledge to admit or deny the allegations of paragraph 7.I

J.  Admitted that VDS's "Meet the Team" website lists present or former VDS employees. Plaintiffs do not control and have no information concerning the third-party websites listed in this allegation, and on that basis otherwise denies.

K.  Plaintiffs admit that Covetrus has posted jobs and is actively recruiting for employees to work in the Lexington, KY area. Plaintiffs admit that VDS is located in the Lexington, KY area. The remainder of paragraph 7.K. contains only legal conclusions for which no response is required. To the extent a response is required to the allegations of paragraph 7.K, Plaintiffs deny them.

L.  Denied.

M.  Denied.

N.  Plaintiffs admit that VDS's website at vetdata.com states "We Build the Tools for the Vet Industry."  Plaintiffs admit that VDS's website displays "Covetrus Connect Marketplace."  The remainder of paragraph 7.N. contains only legal conclusions for which no response is required.  To the extent a response is required to the allegations of paragraph 7.N., Plaintiffs deny them.

      O.    Actian fails to identify the source of the statements alleged and thus Plaintiffs do not have sufficient knowledge to admit or deny the allegations of paragraph 7.O.

## JURISDICTION AND VENUE

8.    Admitted.

9.    This paragraph is a legal conclusion to which no answer is required.

## FACTS

10.    Plaintiffs admit Actian is a company that trades in computer software, but do not have sufficient knowledge or information to admit or deny the remaining allegations of paragraph 10.

### The Parties' Agreement

11.    Admitted that the Software is Actian's product. Plaintiffs do not have sufficient information to admit or deny whether the EULA attached as Exhibit A is in all instances associated with all versions made, used or licensed by Actian. Admitted that the text of Exhibit A says what it says.

12.    Admitted that the text of Exhibit A says what it says. The remainder of paragraph 12 contains only legal conclusions for which no response is required. To the extent a response is required to the allegations of paragraph 12, Plaintiffs deny them.

13.    Plaintiffs do not have sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14.    Denied as to Covetrus because it did not enter into any Agreement to license or purchase a software product from Actian at any time. Admitted as to VDS.

15.    Admitted that there is a Sales Order. Denied as to Covetrus because it did not enter into any Agreement to license or purchase a software product from Actian at any time. Admitted

4

as to VDS having executed the Sales Order. Denied as to the meaning of the abbreviations and terms of the Sales Order in the context of the parties' agreement and implementation of their agreement. Denied that the Sales Order is a complete, unambiguous, integrated agreement.

16. Admitted that the Sales Order has text and that the text says what it says. The Support Policy attached as Exhibit C was printed on May 25, 2021, and Plaintiffs do not have sufficient information to determine where, when or if it was posted as presented here. Denied that the Support Policy forms a complete, unambiguous, integrated contract with the Sales Order and/or 2008 EULA. Denied that the Support Policy is part of the license. Denied that the EULA and Support Policy and/or the Sales Order form the *entire* contract between the parties. Denied that separately or in any combination, the EULA and Support Policy and/or the Sales Order, constitute an unambiguous, complete or integrated agreement.

17. Admitted that the Sales Order at Exhibit B has text and that the text says what it says. Denied that the contract between VDS and Actian was limited as stated in quotes from any Exhibit B or C, and denied that the quoted language controlled between VDS and Actian. Denied that the Support Policy forms a complete, unambiguous integrated contract with the Sales Order or that any combination of the Support Policy, Sales Order and/or EULA are a complete, unambiguous integrated contract. Admitted that Exhibit C says what it says. Denied that the Support Policy is part of the license.

18. Admitted as to the text printed on the Sales Order, denied as to the term and terms of the license.

19. Admitted that the text of the Exhibit says what it says. Denied that the Support Policy forms a complete, unambiguous, integrated contract with the Sales Order or that any

combination of the Support Policy, Sales Order and/or EULA are a complete, unambiguous integrated contract.

20. Denied as to Covetrus. Admitted by VDS that the text of the document says what it says. Plaintiffs deny Actian's interpretation of the meaning of the abbreviations text, and deny that the documents constitute a complete, unambiguous, integrated contract. Plaintiffs deny the interpretation of the documents and their effect as Actian alleges.

21. Denied as to Covetrus because it had no contract with Actian. Denied that the VDS Support Policy forms a complete, unambiguous integrated contract alone, or with the Sales Order or with any combination of the Support Policy, Sales Order and/or EULA. Denied that Actian's interpretation of these documents is correct. Denied that the Support Policy as Exhibit C, or the Sales Order or EULA, apply or are interpreted in the way alleged by Actian.

## Actian's Audit of Use

22. Admitted as to the text only. Plaintiffs are without sufficient knowledge to admit or deny what Actian believes the text means.

23. Denied as to Covetrus. Denied as to the cause and effect alleged by Actian. Otherwise admitted as to VDS.

24. Denied as to Covetrus. Admitted as to VDS.

25. Denied as to Covetrus. Admitted as to VDS.

## The Breaches and Unlicensed Uses of Counter-Defendants

26. Denied as to Covetrus. Admitted that VDS provided audit results to Actian. Otherwise denied.

27. Denied as to Covetrus. Admitted that the text on Exhibit A says what it says, otherwise denied. Denied as to any inference that the EULA is an unambiguous, complete,

6

integrated agreement and denied that Actian's interpretation of it is correct in the context of the Parties' agreement.

28. Denied.

29. Denied.

30. Admitted that there was a call between Actian employees or agents and VDS employees or agents on or about January 29, 2021, otherwise denied.

### Counter-Defendants' Prior Uses of the Software

31. Denied as to Covetrus as it was not a party to a contract with Actian and has not used the Software. Denied as to VDS since it is unclear as to what "the same or similar provisions" means to Actian. Denied that the Support Policy, Sales Agreement and the Agreement are an unambiguous, complete, integrated agreement. Denied that Actian is correctly applying and interpreting the parties' implementation, interpretation, course of dealing of the contract, and which terms make up the contract and what controls the relationship. Denied that the Support Policy is part of the license.

32. Denied.

33. Denied.

34. Denied as to Covetrus as it was not a party to any contract with Actian. Denied as to VDS that it entered into the terms and agreements and the meaning of the combination of the 2008 EULA, Sales Order and Support Policy, as alleged by Actian, or that there is a complete, unambiguous, integrated writing that sets forth all such terms as alleged by Actian.

### Prior Use of Data Integrator Version 8.12

35. Plaintiffs admit that in or around 2006, a company called Veterinary Data Services, Inc. ordered an earlier version of Data Integrator, Version 8.12 from Pervasive. Plaintiffs are without sufficient information to admit or deny the remainder of this paragraph.

36. Admitted that the text of Exhibit F says what it says. Otherwise denied.

37. Admitted that the text of Exhibit G says what it says. Otherwise denied.

38. Plaintiffs admit that Veterinary Data Services, Inc. purchased and received Data Integrator Version 8.12 on or around December 2006. Plaintiffs are without sufficient information to admit or deny the remainder of this paragraph.

39. Admitted that the text of Exhibit H says what it says.

40. Admitted that the text of Exhibit H says what it says. The remainder of this paragraph contains only legal conclusions for which no response is required. To the extent a response is required to the allegations of this paragraph, Plaintiffs deny them.

### Actian's Efforts to Avoid Litigation

41. Denied. Actian never made a good-faith offer to Covetrus or VDS to avoid litigation.

42. Denied as to Covetrus. VDS denies that any use was ever unlicensed. VDS denies that there is any ongoing use.

### COUNT I
### BREACH OF CONTRACT
**(Against Counter-Defendants Covetrus, Inc. and Veterinary Data Services, Inc.)**

43. Plaintiffs reassert their responses to the prior paragraphs

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT II
## COPYRIGHT INFRINGEMENT
### (Against Counter-Defendants Covetrus, Inc. and Veterinary Data Services, Inc.)

50. Plaintiffs reassert their responses to the prior paragraphs.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## AFFIRMATIVE DEFENSES

1. The agreement between VDS and Actian is ambiguous.

2. The agreement between VDS and Actian adopts and includes the course of dealing between the parties in prior years.

3. The agreement is interpreted according to the parties' course of performance.

4. Actian's and VDS's past interpretation of the terms in the 2017 Audit or Survey are part of the agreement between them.

5. There is no written document executed by both VDS and Actian that is an unambiguous, complete, integrated agreement regarding the software.

6. Actian is estopped from interpreting, enforcing, or discarding the contract with VDS contrary to course of performance of the parties, and in its acquiescence to VDS's continued use in the manner discussed in 2017, as well as Actian's billing for support after 2017, on which VDS relied in its performance.

7. Actian's relief is barred by unclean hands.

8. Actian has misused its copyrights rendering them unenforceable.

9. Actian has misused its copyrights, including among other things, by attempting to enforce them against Covetrus even though Covetrus does not use the Software.

10. Actian's claims for breach of contract are preempted by its prior breach of its agreement with VDS.

11. Covetrus does not have an agreement or contract with Actian.

12. In the alternative, VDS's infringement, if found, is not willful.

13. In the alternative, if Covetrus is found to infringe, its infringement is not willful.

14. Actian's proposal was not an effective offer for the purpose of asserting a claim for attorneys' fees under Texas law for breach of contract because its offer of an enterprise license or a lump sum post-obsolescence support contract are not remedies within the scope of the contract or contract law. Further, Actian's contract "offers" were in bad faith, based on misrepresentations and misleading omissions during its dealings with Covetrus and VDS.

15. Actian's copyright claims are barred in whole or in part by the three-year statute of limitations.

16. The alleged infringement is a single infringement that commenced no later than 2017 (or earlier).

17. Actian's contract claims are barred in whole or in part by the statute of limitations for breach of contract.

18. Covetrus and VDS are separately incorporated entities and their separate corporate identities have been maintained as required by law.

19. Covetrus was acting as an agent for a disclosed principal.

20. Actian's copyright and contract claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

21. Actian's copyright registrations are invalid or unenforceable because Actian failed to comply with numerous requirements relating to the filing of such registrations.

22. Actian's copyright claims are barred by the doctrine of fair use.

WHEREFORE, Plaintiffs and Counterclaim Defendants Covetrus, Inc. and Veterinary Data Services, Inc. respectfully request that this Court enter judgment in their favor dismissing Actian Corporation's Counterclaims and also awarding their attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

Dated: February 8, 2022                                        Respectfully submitted,

                                                                       */s/ Danielle J. Healey*
                                                                       Paul McDonald
                                                                       ME Bar No. 8626
                                                                       BERNSTEIN SHUR
                                                                       100 Middle Street, P.O. Box 9729
                                                                       Portland, Maine 04104-5029
                                                                       Telephone: (207) 774-1200
                                                                       Email: pmcdonald@bernsteinshur.com

                                                                       Danielle J. Healey
                                                                       TX Bar No. 09327980
                                                                       FISH & RICHARDSON P.C.
                                                                       1221 McKinney Street, Suite 2800
                                                                       Houston, Texas 77010
                                                                       Telephone: (713) 654-5300
                                                                       Email: healey@fr.com

                                                                       ***Attorneys for Plaintiffs and Counterclaim Defendants Covetrus, Inc. and Veterinary Data Services, Inc***.

12

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on February 8, 2022, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system, which will send a notification of electric filing to all counsel of record who have appeared in this case.

*/s/ Danielle J. Healey*
Danielle J. Healey
