UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COVETRUS INC., and VETERINARY DATA SERVICES, INC., )<br>)<br>   Plaintiffs and Counterclaim Defendants, )<br>)<br>   v. )<br>)<br>ACTIAN CORPORATION, )<br>)<br>   Defendant and Counterclaim Plaintiff. ) | No. 2:21-cv-00097-LEW |

### ORDER CONCERNING HSD DESIGNATIONS, MOTION TO SEAL REPLY, AND PROCEDURAL ORDER

The controversy in this case arises out of a software lease and copyright law. The Court currently has before it certain motions, motion responses, and associated exhibits that the parties filed in paper format, contending the materials constitute highly sensitive documents ("HSD") under General Order 2021-5. For reasons that follow, the HSD designations are rejected, a related motion to seal is denied, and a procedural order is entered to preserve confidentiality pending further action by the parties.

### BACKGROUND

Pursuant to General Order 2021-5 (May 10, 2021), an HSD is a document "that contains information that may be sought by malicious state actors and which, if revealed, would create a high risk of imminent threat to an identifiable individual, would cause harm to the interests of the United States, or would expose trade secrets of a serious nature." General Order at 1.

When a party believes that one or more documents it intends to file are highly sensitive, it can request that the document(s) receive the HSD designation by filing in paper a motion, attaching the document(s) of concern, and serving the other parties with the same. Authorization to request the HSD designation is an exception to the Court's default requirement that litigants make all filings though the Court's electronic case filing system. The General Order provides that a request for the HSD designation will be document specific, not an omnibus request to shield entire filing and all associated exhibits. Pending a judicial determination concerning the HSD designation request, the Clerk's Office maintains the filings in paper format and the electronic docket will not reflect the nature of the filing, only the fact that a request for the HSD designation is pending. If a party requests the HSD designation for an entire filing, the docket sheet suffers.

For example, the electronic docket reflects three filings by Plaintiff on April 11, 2022:

> 113   *SEALED* SEALED DOCUMENT (no notice to counsel) HSD. [clerk initials] (Entered: 04/12/2022)
>
> 114   *SEALED* SEALED DOCUMENT (no notice to counsel) HSD. [clerk initials] (Entered: 04/12/2022)
>
> 115   *SEALED* SEALED DOCUMENT (no notice to counsel) HSD. [clerk initials] (Entered: 04/12/2022)

But for counsel's omnibus treatment of its entire April 11 filing, the docket entries would have identified the nature of the filings, minimally by title. For obvious reasons, that would have produced a far more coherent docket sheet and, accordingly, counsel are advised to avoid requests for HSD designations that effectively seal entire filings rather than targeting the allegedly sensitive documents.

Perhaps because the HSD filings started as they did, Defendant's responses took the same approach. Without objecting to or otherwise commenting on the HSD designation request, Defendant filed the entirety of its opposition briefs (ECF Nos. 131 and 135) in paper, so the docket once again fails to identify the nature of the filings. More recently, on August 5, the Clerk's Office received for HSD filing Plaintiffs' Motion to Exclude Defendant's New Supplementary Registrations or Alternatively to Refer Validity Questions to the Register of Copyrights (ECF No. 162), alongside a new Motion to Designate Documents as Highly Sensitive Documents (ECF No. 161). However, due once again to over designation, a review of the electronic docket sheet provides no useful information other than the fact of the HSD filing.

Finally, Plaintiffs filed a motion to seal when they filed the reply on their initial motion, explaining that they did not request the HSD designation because the reply "does not contain any source code itself and therefore is not a HSD." Pls.' Mot. to Seal Reply (ECF No. 137). Although Plaintiffs provided an unredacted version of the reply for the Court, they failed to file an unredacted version for the public.[1]

Plaintiffs have requested the HSD designation and Defendant has followed along with this approach because the motion papers include reference to and excerpts of Defendant's "computer source code," which source code allegedly qualifies for trade secret protection.

## DISCUSSION

---

[1] The paper files associated with this case also include filings received on April 15, 2022, which filings evidently eluded the docket sheet altogether. These include a motion to extend page limits, which does not contain any source code.

3

The Court's General Order 2021-5 is a response to a request of the Judicial Conference of the United States that each Judicial District adopt orders and procedures to achieve heightened security for highly sensitive documents in the wake of the "SolarWinds hack" of 2020, which is "suspected to have been carried out by foreign actors, according to U.S. intelligence agencies." Confidentiality issues—The SolarWinds breach, 2 Bus. & Com. Litig. Fed. Cts. § 20:12 (5th ed.); *see also* Admin. Office of the U.S. Courts, *Highly Sensitive Document Procedures: Background FAQs* (last updated June 14, 2022), https://jnet.ao.dcn/court-services/highly-sensitive-document-procedures/background-faqs (last viewed Aug. 23, 2022).

The standard set by the General Order is high. As worded, a document does not qualify for the HSD designation simply because it may qualify for trade secret protection under state law. To receive the designation, it is also necessary that a document "would expose trade secrets of a serious nature." General Order at 1. By "serious nature" the General Order references trade secrets of a kind that would be of special interest to malicious state actors. *Id.*

Plaintiffs have failed to support their request for HSD designations based on the motion papers' mere reference to Defendant's trade secret source code. Specifically, Plaintiffs fail to make a showing that the source code is of a "serious nature" of interest to malicious state actors. Moreover, Plaintiffs requests are overbroad given that they failed to isolate the allegedly sensitive documents for focused treatment and instead categorized their entire filings as deserving of the HSD designation.

**CONCLUSION**

Plaintiffs' Motions to Designate Documents as Highly Sensitive Documents (ECF Nos. 161 and 113) are DENIED. Plaintiffs' Motion to Seal Reply in Support of Motion to Refer (ECF No. 137) is also DENIED for failure to conform to Local Rule 7A.

The parties are hereby granted leave to resubmit one or more requests for confidential status designations through motions to seal that comply in all respects with District of Maine Local Rule 7A. Any such filing(s) will be made on or before September 30, 2022. In the event one or both parties make such requests under Local Rule 7A, the newly filed motion papers will serve as the operative filings and the existing HSD filings will be treated as withdrawn. If no motion to seal is filed, the existing filings will be scanned and uploaded to the electronic docket.

The parties are also granted leave to file a motion requesting a stay of the summary judgment briefing deadlines (see ECF No. 158) pending action on the controversy concerning referral of copyright registration questions to the Register of Copyrights. If a party files such a motion and the motion is opposed, the Court will suspend the summary judgment deadlines pending briefing of the motion to stay and establish new deadlines upon resolution of the request.

**SO ORDERED.**

Dated this 24th day of August, 2022.

        /s/ Lance E. Walker
        UNITED STATES DISTRICT JUDGE