UNITES STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| COVETRUS INC., and VETERINARY ) <br> DATA SERVICES, INC., ) <br> ) <br>    Plaintiffs and Counterclaim ) <br>    Defendants, ) <br> ) <br> v. ) <br> ) <br> ACTIAN CORPORATION, ) <br> ) <br>    Defendant and Counterclaim ) <br>    Plaintiff. ) | No. 2:21-cv-00097-LEW |

**ORDER ON PLAINTIFFS' MOTION TO REFER, MOTION TO EXCLUDE,
AND MOTION TO STAY**

    The controversy in this case arises out of a software lease and copyright law.  The Plaintiffs, Covetrus Inc. and Veterinary Data Services, Inc., preemptively filed suit in this District (where Covetrus is domiciled) in anticipation of an infringement suit by Defendant Actian Corporation. Plaintiffs seek declaratory relief stating that they have no liability to Defendant.  Complaint for Declaratory Judgment (ECF No. 1).  In due course, Defendant answered and asserted (and twice amended) counterclaims for copyright infringement and breach of an end user license agreement.  Second Am. Counterclaims (ECF No. 91).

    The matter is before the Court on three motions filed by Plaintiffs. The motions are: Plaintiffs' Motion to Refer Copyright Registration Questions to the Register of Copyrights ("Motion to Refer," ECF No. 114 (sealed) / 170 (redacted version)); Plaintiffs' Motion to Exclude Defendant's New Supplementary Registrations or Alternatively to Refer Validity

Questions to the Register of Copyrights ("Motion to Exclude," ECF No. 162 (sealed) / 172 (redacted version)); and Plaintiffs' Motion to Stay Pending Resolution of the Motion for Reference to the Copyright Office ("Motion to Stay," ECF No. 167). Plaintiffs contend that the Court should refer to the Register of Copyrights a collection of questions on potentially dispositive copyright validity issues before the case proceeds to the summary judgment stage.

## LEGAL BACKGROUND

The owners of copyrighted works enjoy several legal protections, including the exclusive rights to reproduce the work, prepare derivative works, and to distribute the work to others by sale. 17 U.S.C. § 106. However, when a copyrighted work is infringed by another person or entity, the copyright owner generally cannot file "a civil action for infringement of the copyright" unless the owner previously registered the work with the United States Copyright Office. 17 U.S.C. § 411(a). *See also Unicolors*, *Inc. v. H&M Hennes & Mauritz*, *L.P.*, 142 S. Ct. 941, 944-45 (2022); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, *LLC*, 139 S. Ct. 881, 888, 203 L. Ed. 2d 147 (2019). Because the registration requirement is "akin to an administrative exhaustion requirement," *Fourth Estate*, 139 S. Ct. at 887, a copyright infringement action commenced before the claimant registers the copyright is subject to dismissal, without prejudice, for failure to state a claim. *Cortes-Ramos v. Martin-Morales*, 956 F.3d 36, 43 (1st Cir. 2020). Dismissal may be avoided, however, by registering the copyright during the litigation, depending on the circumstances. *Id.* at 44.

The registration process involves submission of a copy of the copyrighted work to the Register of Copyrights (what the Copyright Act calls "the deposit"), along with an application form and fee. 17 U.S.C. §§ 408-409. A successful application will result in the Register issuing a "certificate of registration," which certificate provides a presumption of validity[1] to the copyrighted work, provided that the certificate issued before or within five years of first publication of the work. *Id.* § 410(a), (c).

At times, applicants for a certificate of registration will make errors in either the application or the deposit, or both. Such errors may pertain to either the facts associated with the copyrighted work or the law associated with the registration process. *Unicolors*, 142 S. Ct. at 945 ("Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration."). The Copyright Act addresses this concern by authorizing the Register to "establish, by regulation, formal procedures for the filing of an application for supplementary registration, to correct an error in a copyright registration or to amplify the information given in a registration." *Id.* § 408(d). Additionally, because Congress

---

[1] For copyright to be valid, a work must be an original work of authorship. 17 U.S.C. § 102(a) ("Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.").

> The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990). To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be. *Id.*, § 1.08 [C][1]. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying.

*Feist Publications*, *Inc. v. Rural Tel. Serv. Co.*, *Inc.*, 499 U.S. 340 (1991) (cleaned up, some internal citation omitted).

anticipated that the Register will at times issue certificates despite the presence of errors in the application or deposit, the Copyright Act states that the Register's certificate of registration will still support an infringement action by the owner of the copyrighted work unless both: "(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." *Id.* § 411(b)(1). Furthermore, the Act instructs: "In any case in which inaccurate information described under paragraph (1) [(A)] is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." *Id.* § 411(b)(2).

In summary, under § 411 of the Copyright Act an alleged infringer may be able to secure the dismissal of an infringement claim—even though the owner of the copyrighted work has a certificate of registration—if the alleged infringer can demonstrate that the owner knowingly[2] submitted or deposited inaccurate information that may have caused the Register to deny the certificate had the Register been aware of the inaccuracy, provided that the court first consults the Register on whether the inaccuracies were material to the Register's decision to issue the certificate of registration. Until such time, the certificate

---

[2] "[W]illful blindness may support a finding of actual knowledge. Circumstantial evidence, including the significance of the . . . error, the complexity of the relevant rule, the applicant's experience . . ., and other such matters, may also lead a court to find that an applicant was actually aware of, or willfully blind to, legally inaccurate information." *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941, 948 (2022) (citation omitted).

of registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

## DISCUSSION

In this case, there are two copyrighted works consisting of computer software that appear to be relevant to Plaintiffs' claim for declaratory relief and Defendant's infringement counterclaim. Both works have a certificate of registration issued on October 8, 2020, in advance of this litigation. The first work has registration mark TX0008902355 and the title "DataIntegrator 9.x Engine." The second work is registered as TX0008902344, with the title "DataIntegrator 9.x UI." [3]

According to Plaintiffs, "[d]iscovery confirms that both registrations contain false information and incurable deficiencies," which falsehoods and deficiencies Plaintiffs identify in their first-filed motion. Motion to Refer at 2; *see also id.*, *passim*. Roughly two months after service of the motion, Defendant sought to cure certain errors and amplify the information through supplemental filings with the Register. Defendant did so in June 2022, near the end of the discovery period. Defendant's supplemental filings provided explanations of the corrections and amplifications, and it is evident that the corrections and amplifications address some of the inaccuracies or shortcomings identified by Plaintiffs in their Motion to Refer. The Register issued supplemental certificates to Defendant with an effective date of registration of June 21, 2022. Motion to Exclude Exs. B, C (ECF No. 162-2, 162-3).

---

[3] Defendant attaches to its complaint evidence of four additional registrations of software work, but the relationship of the software to the parties' dispute in unclear. Second Am. Compl. Ex. E (ECF No. 91-5).

Plaintiffs contend in their second-filed motion that there is something underhanded about Defendant's effort to supplement, describing Defendant's efforts as "eleventh-hour maneuverings intended to correct fatal deficiencies in its registrations." Motion to Exclude at 1. Though the effort took place during discovery, there does not appear to be anything underhanded about it. Plaintiffs have not cited authority to the effect that there exists a litigation bar preventing copyright owners from supplementing certificates of registration after an alleged infringer files suit to invalidate their certificates. Instead, Plaintiffs proceed as though the rules of discovery should disfavor the practice of supplementation during civil litigation. But it would seem a poor policy to take that approach, at least in a litigation in which the alleged infringer has petitioned the court to stay proceedings to refer multiple questions to the Register to undermine the validity of certificates of registration and the Register has, in the interim, issued supplemental registrations. Allowing supplementation in this scenario seems to be the more orderly and fair approach, if for no other reason than that any eventual referral (assuming one is necessary) is (hopefully) more focused and less cumbersome to the Register. Accordingly, Plaintiffs' request for "exclusion" of the supplemental registrations will be denied.

As for referral of questions to the Register, Plaintiffs argue that the time is now and that the Copyright Act mandates that a referral take place given the inaccuracies Plaintiffs have raised. Motion to Refer at 1, 20; Motion to Exclude at 9-10. In support of their position, I recognize that the Act reads: "In any case in which inaccurate information . . . <u>is alleged</u>, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse

registration." 17 U.S.C. § 411(b)(2) (emphasis added). Defendant, on the other hand, argues that referral is not even certain in this case because "Plaintiffs have failed to establish that Actian knowingly included any allegedly inaccurate information in its applications." Opp'n to Motion to Refer at 6 (ECF No. 173). Defendant suggests that I "not refer any questions to the Register of Copyright unless and until the jury finds that [it] knowingly submitted inaccurate information . . . and did so with an intent-to-defraud." *Id.* at 9.

Courts have recognized that the referral process of § 411(b) is subject to abuse, such that a judge may require some manner of demonstration—typically something short of an evidentiary hearing—not only that there were inaccuracies in an application, but that the applicant knew of the inaccuracy and submitted the application anyway. *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013); *Energy Intelligence Group, Inc. v. CHS McPherson Refinery, Inc.*, 304 F. Supp. 3d 1051, 1055 (D. Kan. 2018); *Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 349 (S.D.N.Y. 2016). The Register has explained that the referral process was instituted by Congress "to ensure that no court holds that a certificate is invalid due to what it considers to be a misstatement on an application without first obtaining the input of the Register as to whether . . . the inaccurate information, if known, would have caused the Register . . . to refuse registration." Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 10–11, *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 1:09–cv–23494 (S.D. Fla. Oct. 14, 2010).

In effect, Congress has made the Register an essential initial arbiter of the issue of

the materiality of misrepresentations made to the Register. *DeliverMed Holdings*, 734 F.3d at 624 ("court . . . must request a response from the Register before coming to a conclusion as to the materiality of a particular misrepresentation"). But it appears that the Register need not be asked to pass on every alleged inaccuracy. The First Circuit has said that "most errors or mistakes in a copyright registration application will be inadvertent or immaterial, and thus will not invalidate the application (or any resulting certificate)." *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007). For example, a motion for referral may be denied based on an inadequate showing as to either the existence of an inaccuracy or scienter. *Energy Intelligence Group, Inc.*, 304 F. Supp. 3d at 1064. Conceivably, an inadequate showing of the materiality of an error or mistake might also undermine a motion to refer, an issue that, to my knowledge, the First Circuit has not addressed.[4]

For now, assuming for the sake of argument that a referral will occur, as in most things timing is key. The timing of a referral is a case-specific concern without a one-size-fits-all approach. *See King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-cv-9307-JPO, 2019 WL 3071935, at *9 (S.D.N.Y. July 15, 2019) (collecting cases). In this case, I consider the Plaintiffs' opening and supplemental motions for referral to resemble a fusillade more than an orderly presentation. Both parties' papers are also somewhat confounding giving the evolving character of the registration process. Moreover, many of Plaintiffs' challenges to the applications and deposits are contested, both as to materiality

---

[4] Lacking expertise in the copyright registration process, I am not predisposed to assess the immateriality of any inaccuracies knowingly presented to the Register. However, it may be the case that a given inaccuracy is patently immaterial based on, for example, statements found in the Copyright Office's Compendium of U.S. Copyright Office Practices (3d ed.) (2021).

and intent. Given the parties' approach to the issue of referral thus far, which has taken place in the midst of the discovery process and has been impacted by intervening action on the part of the Register related to Defendant's supplementary registrations, I prefer to assess the matter in the context of summary judgment proceedings to ensure that the parties provide an orderly presentation of the issues in conformance with Local Rule 56, and to ensure that any resulting questions I may refer to the Register involve genuine issues. Accordingly, Plaintiffs' requests for referral will be denied without prejudice.

## CONCLUSION

For the reasons recited above, Plaintiffs' Motion to Refer Copyright Registration Questions to the Register of Copyrights (ECF No. 114 (sealed) / 170 (redacted version)) is **DENIED**; Plaintiffs' Motion to Exclude Defendant's New Supplementary Registrations or Alternatively to Refer Validity Questions to the Register of Copyrights (ECF No. 162 (sealed) / 172 (redacted version)) is **DENIED**; and, giving the foregoing rulings, Plaintiffs' Motion to Stay Pending Resolution of the Motion for Reference to the Copyright Office (ECF No. 167) is **DENIED AS MOOT**.[5]

As for the future course of proceedings, I refer the matter of the schedule to Magistrate Judge Wolf to devise with input from the parties. With respect to the summary judgment briefing schedule, however, I encourage separate submissions focused on the issues germane to the referral question, so that the Court receives a summary-judgment-

---

[5] In an August 24, 2022, order I directed that the summary judgment briefing cycle be stayed pending action on the Motion to Refer and the Motion to Exclude, if a party requested it. Order at 5 (ECF No. 163). Plaintiffs' Motion to Stay triggered that offer of a limited stay, but Plaintiffs' Motion to Stay argues for an extended stay pending referral to the Register and the return of the Register's response. Because I have denied the request for an immediate referral to the Register (without prejudice to reassertion in the summary judgment context), Plaintiffs' Motion to Stay is effectively moot.

style motion for referral replete with a supporting statement of material facts, an opposition to referral supported by an opposing statement of material facts and additional statement of material facts, and a reply supported by a reply statement of material facts responsive to the non-movant's additional statement of material facts, following the familiar rubric of the District of Maine's Local Rule 56.

Summary judgment submissions pertaining to Defendants' infringement and breach of contract counterclaims (and Plaintiffs' corresponding claims for declaratory relief) can be filed separately and may be staged after the briefing cycle of the motion for referral or delayed pending a disposition, for the convenience of the parties, if desired. Any motion to exclude expert testimony that is material to the referral question should, of course, coincide with the briefing cycle for the motion to refer.

**SO ORDERED.**

Dated this 2nd day of December, 2022.

                                              /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE