UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| COVETRUS, INC., and VETERINARY DATA SERVICES, INC., | ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 2:21-cv-00097-SDN |
| ACTIAN CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF DECISION AND
ORDER ON DISCOVERY DISPUTE**

**I. Introduction**

On July 23, 2024, Magistrate Judge Karen Wolf resolved a previous discovery dispute between the parties by allowing Plaintiffs Covetrus, Inc. and Veterinary Data Services, Inc. (VDS) to proceed with the deposition topics at issue (ECF No. 283). Defendant Actian Corporation now objects to Judge Wolf's decision pursuant to Rule 72(a) (ECF No. 291), to which Plaintiffs reply in opposition (ECF No. 294). I hereby overrule Actian's objection to Judge Wolf's Order and affirm her decision.

**II. Background**

Covetrus and VDS filed suit against Actian Corporation for a Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 17 U.S.C. § 101 that Plaintiffs did not violate a licensing agreement with Actian nor infringe upon Actian's copyrighted software, Data Integrator (the Software) (ECF No. 1; ECF No. 38.). The discovery in this matter has been extensive and contentious; the parties have had seven discovery hearings on various disputes prior to this objection. The dispute over the 30(b)(6) deposition topics 3, 5, 6, 7,

8, 12, 13, and 14 was first heard by Judge Wolf in a previous discovery hearing (ECF No. 278). Per Judge Wolf's instruction, the parties submitted caselaw supporting their respective positions (ECF No. 279). Judge Wolf determined that Plaintiffs were allowed to continue with discovery regarding the disputed topics (ECF No. 283). This issue now comes before me on a subsequent objection filed by Actian regarding Judge Wolf's determination (ECF No. 291). Following the structure of the parties' arguments, Topics 5, 7, 8, 12, 13, and 14 are grouped together and Topics 3 and 6 are addressed individually.

### III. Standard of Review

Matters involving discovery typically are nondispositive of the litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citations omitted). When a party timely objects to a nondispositive ruling of a magistrate judge on a pretrial matter, the district judge must modify or set aside any part of the order that is "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a). The district judge "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, the district judge 'form[s] a strong, unyielding belief that a mistake has been made.'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999). The "clearly erroneous" standard requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the district judge has a "strong, unyielding belief that a mistake has been made." *Id.* Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, *See Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Mixed questions of law and fact invoke a sliding scale of review pursuant to which "[t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the

2

question, the less deferential the level of review." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

## IV. Discussion

### A. Topic 3

Covetrus and VDS's Topic 3 requests information on Actian's patents relating to various copyright registrations to support Plaintiffs' copyright misuse defense. Actian objects to having to present witnesses to testify regarding its patents on five grounds:

> (1) the First Circuit has not recognized any defense of copyright misuse; (2) in circuits that do recognize the defense, a party's patents are irrelevant to copyright misuse; (3) the burden of presenting a witness on six patents comprising a total of over 220 pages of highly technical disclosures with ten different inventors outweighs the negligible benefit of the discovery; (4) how patents relate to products and copyrights are legal issues not suitable for 30(b)(6) testimony; and (5) including a patent topic will require at least one additional 30(b)(6) witness deposition, exceeding the one deposition authorized by the Court.

ECF No. 241 at 2; ECF No. 291 at 5. Actian first asserts the First Circuit does not recognize a defense of copyright misuse, citing to *Soc'y of the Holy Transfiguration Monastery, Inc, v. Gregory* to support its position. 689 F.3d 29, 65 (1st Cir. 2012). Covetrus and VDS contest Actian's interpretation of the law, arguing that the First Circuit did not preclude the copyright misuse defense in *Soc'y of the Holy Transfiguration Monastery* but determined only that the case before it was not the "appropriate vehicle" to consider the defense. *Id*. Plaintiffs are correct that, although the First Circuit has not affirmatively upheld a copyright misuse defense, neither has it specifically disallowed one. *Id*. Furthermore, in *Soc'y of the Holy Transfiguration Monastery*, the First Circuit noted that "[w]here a misuse-of-copyright defense is recognized," a party raising that defense must prove a violation of antitrust laws, or that "the copyright owner otherwise illegally extended its monopoly or violated the public policies underlying the copyright law." *Id*.

3

(finding neither occurred in that matter and defendant was prevented from raising such allegations on appeal after refraining from doing so at the district court). Here, in contrast, Covetrus claims neither it nor VDS has infringed upon Actian's Software because Actian extended its ownership of the Software beyond the protections of copyright laws by enacting in an impermissible licensing scheme. *See* ECF No. 38. Therefore, Plaintiffs raise sufficient allegations to investigate such claims under 26(b)(1).

Actian's second argument is that circuits recognizing copyright misuse do not find patented technology to be relevant to the defense. The case Actian cites to on this point is inapposite. In *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.,* the court excluded evidence of a prior patent application *at trial*; it said nothing about allowing discovery into the issue of live patents. 421 F.Supp.3d 1051, 1066-68 (D. Colo. 2019); c*f*. Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

With respect to Actian's third and fifth arguments against Topic 3, Plaintiffs request only the information on the patent that is relevant to copyright registrations at issue, not the entire technical breakdown of the Software's functional aspects. (ECF No. 269-1 at 2); (ECF No. 269-2 at 2). The balancing of any burden imposed upon the defendant against Plaintiffs' need for information and the determination of how to treat 30(b)(6) depositions is exactly the type of fact-based discovery determination that is particularly suited for deference to a magistrate judge, and I find no basis here to overrule the magistrate judge's decision. Actian's fourth argument regarding Topic 3 is the same argument it raises in opposing Topic 6, discussed and rejected below. For these reasons, I overrule Defendant's objection as it relates to Topic 3 and confirm Magistrate Judge Wolf's Discovery Order on that Topic.

## B. Topic 6

Covetrus and VDS's Topic 6 inquires about the basis for Actian's infringement allegations against them regarding the versions of the Software that Actian added in its Supplemental Counterclaim. Actian objects to disclosure of this information as it believes the question relates to legal conclusions and not factual inquiries, which, according to Actian, Plaintiffs are not entitled to disclosure of under 30(b)(6). Actian cites to three cases outside this district to support its position that discovery on this point is not allowed. *See* ECF No. 291 at 7. Although it may be true that 30(b)(6) depositions are an inappropriate means to learn of the opposing party's affirmative defenses, *Neponset Landing Corp v. Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D. Mass. 2011) ("While it is appropriate to ask for factual information from a witness, a lay witness should not be expected to testify about the factual basis of an affirmative legal defense"), in the present case, Plaintiffs seek information on facts that demonstrate – or not – their liability for copyright infringement, not the specific legal arguments that Actian will raise against them or the affirmative defenses Actian plans to use. Inquiry into Topic 6 does not require Actian to disclose any legal conclusions. Moreover, the parties are reminded that evidence may be discoverable even if it is not admissible evidence at trial. Fed. R. Civ. P. 26(b)(1). Therefore, I also overrule Defendant's objection regarding Topic 6.

## C. Damages and Licensing: Topics 5, 7, 8, 12, 13, and 14

Plaintiffs seek discovery into the additional registrations that the defendant obtained and pled in its Supplemental Counterclaim (ECF No. 294 at 8). Actian objects to Plaintiffs seeking additional discovery on these Topics (5, 7, 9, 12, 13, and 14). Actian contends:

> (1) Discovery should be limited to the five registrations added in the Supplemental Counterclaims, not reopened generally; (2) neither party has

> amended damages expert reports or otherwise changed their damages positions as a result of the Supplemental Counterclaims, so reopening discovery on damages issues is not necessary; (3) there are no additional causes of action added in the Supplemental Counterclaims . . . but rather multiple copyright registrations that cover one version of software; and (4) including damages topics will require at least one additional 30(b)(6) witness deposition, exceeding the one deposition authorized by the Court.

ECF No. 291 at 6. Actian's cited legal authority for disallowing the additional discovery is not controlling and does not compel a different outcome than the Magistrate Judge ordered.[1] Plaintiffs do not seek, nor did the magistrate judge allow in her Order on discovery, a complete alteration to "the present scope of discovery." *See, e.g., Sig Sauger, Inc. v. Freed Designs, Inc.,* No. 14-cv-461-SM, 2017 U.S. Dist. LEXIS 166574, at *10 (D.N.H. Mar. 17, 2017). Rather, the magistrate judge allowed limited additional discovery based on the registrations Defendant itself included in its Supplemental Counterclaim.

Accordingly, Magistrate Judge Wolf's Order on these topics is neither clearly erroneous nor contrary to law but rather reflects a determination that Plaintiffs should be allowed further investigation into the supplemental material Defendant referenced in its Supplemental Counterclaim. Under the low threshold for relevancy under Rule 26(b)(1), plaintiffs may investigate connections and discrepancies involving each version of the registrations filed in this matter. Thus, Covetrus and VDS are entitled to continue with deposition topics 5, 7, 8, 12, 13, and 14 as outlined in the magistrate judge's Order.

## V. Conclusion

---

[1] *See Sig Sauger, Inc. v. Freed Designs, Inc.,* No. 14-cv-461-SM, 2017 U.S. Dist. LEXIS 166574, at *10-11 (D.N.H. Mar. 17, 2017) (allowing a motion to amend in part based on the court's understanding that additional discovery would be limited); *Sanders v. Univ. of Idaho*, No. 3:19-CV-00225-BLW, 2022 U.S. Dist. LEXIS 19012, at *7 (D. Idaho Jan. 31, 2022) (allowing plaintiff to compel discovery after having reopened limited discovery based on plaintiff's amended complaint). !

For the following reasons, Defendant's objection to Magistrate Judge Wolf's Order is **OVERRULED**, and the Court **AFFIRMS** the Order.

**SO ORDERED.**

Dated this 25th day of October, 2024.

/s/ **STACEY D. NEUMANN**
**UNITED STATES DISTRICT JUDGE**