UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| COVETRUS INC. and | ) |
| VETERINARY DATA SERVICES INC., | ) |
| Plaintiffs | ) |
| v. | ) No. 2:21-cv-00097-SDN |
| ACTIAN CORPORATION, | ) |
| Defendant | ) |

## ORDER RE: DISCOVERY DISPUTES

On February 18, 2025, I held a hearing to address various discovery disputes raised by the parties. *See* ECF Nos. 326, 335, 341. After hearing extensive arguments from both sides, I **GRANTED** Covetrus Inc. and Veterinary Data Services (VDS) Inc.'s request to reopen Actian Corporation's Fed. R. Civ. P. 30(b)(6) deposition for three hours by video after finding that Actian and its corporate deponent had too narrowly interpreted Covetrus and VDS's six designated topics, *see* ECF No. 326-1 at 5, during the last deposition. Nevertheless, I instructed Covetrus and VDS to provide Actian subtopics and the documents they intend to use at the deposition to help Actian to prepare sufficiently.

I also **DENIED** Actian's request to strike a video that Covetrus and VDS disclosed on the last day of discovery because Actian failed to demonstrate surprise or prejudice where the video had been referenced earlier during discovery and has been publicly available on Actian's own YouTube page. On a related note, Actian agreed to produce to Covetrus and VDS transcripts of the January 2025 depositions

1

of Byron Head and Paige Roberts in another case involving Actian because the video in question was discussed during those depositions.

In response to Actian's claim that the privilege logs they produced were inadequate, Covetrus and VDS indicated that they were in the process of adding additional detail to all the privilege logs they previously provided to Actian and hoped to complete that process by the end of this week. I instructed Actian to review the revised privilege logs and promptly file a request for a discovery hearing if it was unsatisfied with the level of detail.

Finally, I will take this opportunity to encourage the parties to be cooperative, practical, and reasonable in finishing up these last bits of discovery. This case has been pending almost four years, the parties have engaged in extensive discovery, and this Court has held ten discovery hearings. Discovery is now closed and the parties have filed notice of their intent to file for summary judgment. It is long past time to end these discovery skirmishes and get to the actual merits of the case.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: February 19, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge